10-4974-ag
Chen v. Holder

BIA
Ferris, IJ
A200 112 624

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
>       RALPH K. WINTER,
>       GUIDO CALABRESI,
>       PETER W. HALL,
>            *Circuit Judges.*

_____

FENG CHEN,
>       *Petitioner,*

>            v.                                    10-4974-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Emily Anne Radford,
                         Assistant Director; Jesse D. Lorenz,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Feng Chen, a native and citizen of the People's Republic of China, seeks review of a November 16, 2010, order of the BIA, affirming the November 4, 2008, decision of Immigration Judge ("IJ") Noel A. Ferris, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Chen*, No. A200 112 624 (B.I.A. Nov. 18, 2010), *aff'g* No. A200 112 624 (Immig. Ct. N.Y. City Nov. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions – or more precisely – the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding that Chen failed to meet his burden of establishing that his fear of persecution was objectively reasonable, the agency reasonably relied on the fact that Chen's friend, with whom he was detained, was able to stay in China unharmed following the April 2004 church raid, as well as the fact that Chen remained unharmed in China for some three years after his detention before fleeing to the United States. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). In finding that Chen failed to meet his burden of establishing a well-founded fear of persecution, the agency also reasonably relied on the absence of any evidence suggesting that the police continued looking for Chen after his departure from China and on the fact that there was no consequence of Chen's failure to report to the Town Public Security Bureau. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best"). Although Chen argues that it was not clear whether he had missed any reporting requirements, Chen's statement attached to his asylum application clearly

2

indicates that, as a consequence of his May 2001 detention, he was required to report monthly to the Town Public Security Bureau but that he only reported a total of five times.

Chen's argument that the agency erred by finding he did not demonstrate a well-founded fear of persecution due to his failure to present available corroborating evidence is also without merit. Although Chen contends that "[c]orroborating evidence is not required until an asylum applicant's credibility is called into question," under the REAL ID Act, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). As discussed above, Chen's testimony, while presumed credible, was insufficient to demonstrate a well-founded fear of persecution. The agency, therefore, did not err in requiring Chen to produce available corroborating evidence. *See Yan Juan Chen*, 658 F.3d at 252; 8 U.S.C. § 1158(b)(1)(B)(ii).

The agency also did not err in finding that testimony from one of Chen's current pastors or congregation members was reasonably available. "Congress has instructed that '[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is *compelled* to conclude that such corroborating evidence is unavailable.'" *Yan Juan Chen*, 658 F.3d at 252 (quoting 8 U.S.C. § 1252(b)(4)) (emphasis and alteration in *Yan Juan Chen*). In addition, as the government points out, the IJ was not compelled to believe that the only individuals capable of corroborating Chen's church attendance were somehow unavailable to testify, nor was the IJ required to accept Chen's invitation to telephone his church in lieu of receiving live testimony. *See* 8 U.S.C. § 1252(b)(4).

Because the agency's finding that Chen failed to meet his burden of demonstrating a well-founded fear of persecution is supported by substantial evidence, we decline

3

to consider Chen's challenge to the IJ's conclusion that the Chinese government is more heavy-handed in its treatment of Roman Catholics than other Christians. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). Even assuming that the IJ's finding constitutes error, remand of these proceedings would be futile as this Court "can 'confidently predict' that the agency would reach the same decision absent the errors that were made." *Id.* (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005)). For the same reason, we decline to reach the IJ's alternative determination that Chen does not warrant a favorable exercise of discretion.

Lastly, as the government points out, Chen has abandoned any challenge to the agency's denial of CAT relief by failing to raise the issue in his brief to this Court.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4