12-4470
Piao v. Holder

BIA
Vomacka, IJ
A087 550 644
A087 970 636

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.

PRESENT:
     ROBERT A. KATZMANN,
          *Chief Judge,*
     DENNY CHIN,
     SUSAN L. CARNEY,
          *Circuit Judges.*

_____

MEI HUA PIAO, JIN FENG BAI,
          *Petitioners,*

          v.                                    12-4470
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          Jiali Pan, Law Offices of Jiali Pan
                         and Associates, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Francis W. Fraser, Senior
                         Litigation Counsel; Enitan O.
                         Otunla, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mei Hua Piao and Jin Feng Bai, who are married natives and citizens of China, seek review of an October 17, 2012, order of the BIA, affirming the October 27, 2010, decision of an Immigration Judge ("IJ"), which denied them asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Hua Piao, Jin Feng Bai*, Nos. A087 550 644/970 636 (B.I.A. Oct. 17, 2012), *aff'g* Nos. A087 550 644/970 636 (Immig. Ct. New York City Oct. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Petitioners', which are governed by the REAL ID Act, "[t]he testimony of the

applicant *may* be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1254(b)(4).

Here, the agency reasonably found that Petitioners failed to meet their burden due to a lack of reasonably available corroborating evidence. *See Yan Juan Chen*, 658

F.3d at 252.[1] Petitioners also fail to specifically challenge the agency's permissible rejection of Piao's explanations—that she had unsuccessfully asked her mother for a statement and did not think to ask her father, although he could have provided one from South Korea. *See* 8 U.S.C. § 1254(b)(4); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (stating that agency need not accept an applicant's explanation unless a reasonable fact-finder would be compelled to do so).

In addition, as the government correctly notes, Petitioners failed to exhaust their argument that Piao was prevented from adequately explaining the absence of her medical records because the IJ failed to sufficiently develop the record. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (recognizing that issue exhaustion is a mandatory, although not jurisdictional, requirement). Petitioners do not explain what new facts would have been revealed by further development of the record. In any case, Petitioners have not shown that the

---

[1] To the extent that petitioners claim their counsel was ineffective for failing to advise them that corroborating evidence was necessary, we decline to address that claim because they did not exhaust it before the BIA. *See Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994).

agency erred in finding they failed to present reasonably available corroborating evidence in support of their claims. *See Yan Juan Chen*, 658 F.3d at 252; 8 U.S.C. § 1254(b)(4).

We have considered petitioners' remaining arguments and find they lack merit. For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5