*Lin v. Lynch*

BIA
Weisel, IJ
A087 982 857

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YANQIU LIN,
> *Petitioner,*

v.                                              14-1232
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:            Robert Tsigler, Law Offices of Yu &
                           Associates, PLLC, New York, New
                           York.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Joyce Branda, Acting Assistant Attorney General, Civil Division; Blair O'Connor, Assistant Director; Timothy B. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanqiu Lin, a native and citizen of China, seeks review of a March 20, 2014, decision of the BIA affirming an October 25, 2011, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanqiu Lin,* No. A087 982 857 (B.I.A. Mar. 20, 2014), *aff'g* No. A087 982 857 (Immig. Ct. N.Y. City Oct. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court should review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant, like Lin, who does not claim past persecution must establish a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. § 1208.13(b)(2)(A). The agency reasonably determined that Lin did not meet her burden because she failed to corroborate her testimony that she practiced Christianity.

We have recognized that an IJ "has the authority to deny eligibility for asylum in some cases where the applicant has failed to provide certain corroborative documents, even though the applicant testified credibly to facts that, if true, would qualify her for refugee status." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003). An IJ may deny relief for failure to corroborate a claim so long as the missing evidence was "reasonably available" to the applicant. *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

Lin argues that in finding her corroboration insufficient, the IJ "left out important evidence, such as the Petitioner's baptismal certificate." The agency is not required to

"expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks and citation omitted). Furthermore, we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen*, 471 F.3d at 336 n.17. A review of the IJ's decision does not "compellingly suggest" that he failed to consider Lin's evidence. *Id.*

The agency found that the testimony of five individuals was reasonably available to corroborate Lin's claim. The agency's corroboration finding must not be reversed unless "a reasonable trier of fact is *compelled* to conclude that such corroborating evidence is unavailable.'" *Yan Juan Chen*, 658 F.3d at 252 (quoting 8 U.S.C. § 1252(b)(4) (emphasis added)). A reasonable factfinder would not be compelled to conclude those witnesses' testimony was unavailable to Lin. First, the IJ considered that Lin Wen Qin, who introduced Lin to Christianity, neither submitted an affidavit nor testified. The IJ credited Lin's explanation for why Qin could not testify—she worked out of state—but Lin offered no reason for why Qin did not submit an

4

affidavit.  Lin also testified that she had relatives in the United States who knew she was a Christian, but stated that she did not call them as witnesses because they were not Christian.  A reasonable finder of fact would not be compelled to conclude that these witnesses were consequently unavailable.  *Id.* at 252.  Finally, Lin testified that her husband did not testify on her behalf because he lacked immigration status.  However, the agency was not compelled to credit this excuse.  *Id.* at 253 (holding that because a "[wife] and her husband had a common interest in her presenting the strongest possible case, it is not unfair to hold her responsible for her husband's decision not to testify").

Lin argues that her husband's affidavit was sufficient to corroborate her claim that she is a Christian.  It was well within the IJ's discretion to discount Lin's husband's affidavit.  *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency when it declined to give weight to a letter from the applicant's spouse because it was unsworn and he was an "interested witness"); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to

letters from relatives because they were from interested witnesses not subject to cross-examination).

As Lin failed to corroborate her claim that she converted to Christianity, she failed to establish a well-founded fear of future persecution on account of her religion. *See* 8 C.F.R. § 1208.13(b)(2). Because Lin was unable to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 120 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6