Lian v. Lynch

BIA
Poczter, IJ
A205 237 023

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand sixteen.

PRESENT:
          JON O. NEWMAN,
          BARRINGTON D. PARKER,
          DEBRA ANN LIVINGSTON,
               *Circuit Judges.*
_____

HUA LIAN,
          *Petitioner,*

          v.                                      15-633
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:          Norman Kwai Wing Wong, New York,
                         N. Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John S.
                         Hogan, Senior Litigation Counsel;
                         Nicole N. Murley, Trial Attorney,

Office of Immigration Litigation,
U.S. Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the matter is REMANDED.

Petitioner Hua Lian, a native and citizen of the People's Republic of China, seeks review of a February 10, 2015 decision of the BIA, affirming a June 19, 2013 decision of an Immigration Judge ("IJ") denying Lian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Lian,* No. A205 237 023 (B.I.A. Feb. 10, 2015), *aff'g* No. A205 237 023 (Immig. Ct. N.Y. City June 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Lian testified to past persecution in China because of her

2

observance of religious practices. She testified that she was arrested, detained, and beaten. She corroborated that testimony with witness statements, a detention certificate, and medical evidence. The IJ found Lian's testimony of past persecution credible, ROA 34-35, and did not request evidence corroborating her claim of past persecution. However, the IJ did not make a determination whether Lian's evidence sufficed to sustain her burden of proof to establish past persecution. Instead, the IJ considered whether she had established an objectively reasonable fear of future persecution, and concluded that she had not because she had failed to present available evidence corroborating her claim of observance of religious practices in the United States. *Id.* 35.

The BIA's opinion recited Lian's testimony about past persecution in China, including her arrest, detention, and beating, because of her observance of religious practices. *Id.* 3. The BIA did not mention the IJ's finding that this testimony was credible nor consider whether Lian's evidence, including that testimony, sufficed to sustain her burden of proof to establish past persecution. Instead, like the IJ, the BIA went directly to the claim of fear of future persecution and upheld the IJ's denial "because [Lian] did not provide sufficient

3

corroborating evidence," *id.* 4, *i.e.*, evidence corroborating her observance of religious practices in the United States.

We are skeptical about the way the agency disposed of Lian's asylum claim. We have found no case from the BIA or our Court and no regulation permitting the agency, in a case where an applicant claims past persecution, to fail to determine whether the applicant has sustained her burden of proof as to that claim and instead move on to a claim of future persecution, deny it, and thereby deny asylum.[1]

The failure to determine whether Lian established past persecution appears to be error. *See Beskovic v. Gonzales*, 467

---

[1] The Government cites three summary orders of our Court that it asserts support the BIA's action in this case. Br. for Respondent 28-29. Apart from the fact that these unpublished orders are not precedential, none of them permits what the BIA did here. In *Feng Chen v. Holder*, 475 F. App'x 377 (2d Cir. 2012), the applicant claimed past persecution, but the agency ruled that the facts alleged did not rise to the level of persecution and only then found corroboration lacking as to future harm. *See id.*, No. 10-4974, ROA 4 (BIA opinion 2). In *Yanqui Lin v. Lynch*, 618 F. App'x 714 (2d Cir. 2015), the applicant made no claim of past persecution and claimed only fear of future persecution. Lack of corroboration of the testimony supporting that claim was deemed a sufficient basis for denying the claim. *See id.*, No. 14-1232, ROA 4-5 (BIA opinion 203). In *Mei Hua Piao v. Holder*, 561 F. App'x 69 (2d Cir. 2014), the applicants claimed past persecution, and the corroboration found lacking related to past harm, not future harm. *See id.*, No. 12-4470, ROA 4 (BIA opinion 2). Furthermore, the IJ did not believe that the applicants were credible. The IJ said, "The court concludes that it appears that . . . neither [applicant] can be considered credible." *Id.*, ROA 52 (IJ opinion 16).

F.3d 223, 227 (2d Cir. 2006) (rejection of past persecution claim erroneous for failure to consider evidence supporting claim). Past persecution, if established, would have made Lian eligible for asylum. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); 8 C.F.R. § 1208.13(b). Furthermore, the failure to determine whether past persecution was established deprived Lian of the opportunity to benefit from the presumption of a well founded fear of future persecution that arises from past persecution, *see id.* § 208.13(b)(i); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009), a presumption that could be rebutted only if the IJ makes specific findings concerning either changed circumstances or relocation, with the burden of proof on the Government with respect to such findings. *See* 8 C.F.R. § 1208.13(b)(1)(i), (ii).

Because the agency has not explained why it was entitled to act in the unusual manner shown by the record in this case, the appropriate course is to remand the matter to the agency to afford it the opportunity to provide such an explanation. "Despite our generally deferential review of IJ and BIA opinions denying asylum, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful." *Poradisova*

*v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005).  Specifically, the BIA should either explain why it believes it and the IJ were entitled to consider the applicant's claim of fear of future persecution without first determining whether she had established her claim of past persecution (and thereby gained a presumption of a well founded fear of persecution), or abandon that approach and remand to the IJ for a determination whether the claim of past persecution was established (in which event she would be eligible for asylum).

For the foregoing reasons, the petition for review is GRANTED, and the matter is REMANDED for further proceedings not inconsistent with this order. Any subsequent petition for review will be referred to this panel.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

6